UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NIMESH PATEL,<br><br>                Plaintiff,<br><br>        v.<br><br>FACEBOOK INC.,<br><br>                Defendant. | Case No. 3:15-cv-03747-JD<br><br>**ORDER RE RELATION, CONSOLIDATION AND INITIAL CASE MANAGEMENT CONFERENCE** |

## RELATION

The parties in this action have filed a motion under Civil L.R. 7-11 to have this action related and consolidated with two similar cases. Dkt. Nos. 37, 39. Two judges in this District have also filed requests under Civil L.R. 3-12 that this Court determine whether their cases are related to this action. Dkt. Nos. 42, 43. The Court finds that they are related, grants the motion of the parties in part and reassigns these cases to this Court:

    15-cv-03748-WHA     Licata v. Facebook, Inc.
    15-cv-03749-HSG     Pezen v. Facebook, Inc.

The parties are instructed that all future filings in the reassigned cases are to bear the initials **JD** immediately after the case number. The case management conferences in the reassigned cases are set for **December 2, 2015**. The parties should adjust the dates for the conference, disclosures and report required by Fed. R. Civ. P. 16 and 26 accordingly. Unless otherwise ordered, any dates for hearing noticed motions are vacated and must be re-noticed by the moving party before the newly assigned judge. Any deadlines set by the ADR Local Rules

remain in effect.

## CONSOLIDATION

Pursuant to Fed R. Civ. P. 42(a), the Court consolidates these cases into Civil Action No. 3:15-cv-03747-JD for all proceedings before this Court, including trial. All filings and submissions from here on should be captioned "In re Facebook Biometric Information Privacy Litigation" under the 3:15-cv-03747-JD case number. This consolidation order supersedes all prior consolidation and case management orders that were issued in this case and the related cases listed above.

If a related action is subsequently filed in or transferred to this District, it will be consolidated into this action for all purposes. This order will apply to every subsequently related action without a further order of the Court. A party that objects to consolidation, or to any other provision of this order, must file an application for relief from this order within ten (10) days after the date on which the party's counsel receives a copy of the order.

This order is entered without prejudice to the rights of any party to apply for severance of any claim or action, for good cause shown. Consolidation does not have the effect of making any entity a party in any action in which he, she, or it has not been named, served, or added in accordance with the Federal Rules of Civil Procedure.

## MASTER DOCKET AND CAPTION

The docket in Civil Action No. 3:15-cv-03747-JD will constitute the master docket, and the file in that action will be the master file for every action in the consolidated action.

When a pleading applies only to some, but not all, of the member actions, the document must list the docket number for each individual action to which the document applies immediately under the master caption. Any document not identified in that way will be treated as applying to all member cases.

The parties must file a Notice of Related Cases pursuant to Civil Local Rule 3-12 whenever a case that should be consolidated into this action is filed in, or transferred to, this District. If the Court determines that the case is related, the Clerk of the Court will:

    a.    file a copy of this order in the separate file for such action;

2

  b. serve on plaintiff's counsel in the new case a copy of this order;

  c. direct that this order be served upon defendants in the new case; and

  d. make the appropriate entry in the master docket sheet (No. 3:15-cv-03747-JD).

If there are any disputes about whether a new action should be related to this consolidated action, they must promptly be brought to the Court's attention or any objection may be deemed waived.

**DATE AND AGENDA FOR INITIAL CASE MANAGEMENT CONFERENCE**

The initial case management conference will be held on **December 2, 2015 at 1:30 p.m.** before the Honorable James Donato in Courtroom 11, 19th floor of the United States District Court, 450 Golden Gate Avenue, San Francisco, California. Plaintiffs' counsel have already filed a consolidated amended complaint. Dkt. No. 40. Defendant will not be required to answer or otherwise respond to the various initial complaints filed in the consolidated actions, but will instead respond to the consolidated complaint by **October 9, 2015.**

In preparation for the conference, the parties are ordered to negotiate to the fullest possible extent a case management schedule for key dates up to trial, and a trial date. The proposed trial date should be within 18 months of the case management conference. The Court cannot guarantee that it will accept the parties' proposals across the board but it is likely to endorse all reasonable joint requests. The parties are also ordered to negotiate a discovery plan that includes agreed-upon written and deposition discovery limits, including third party and expert discovery, and outlines the types of documents and witnesses the parties intend to seek. ESI and protective order issues should be discussed with an eye toward getting formal agreements done as early as practicable.

Any prior orders appointing interim class counsel are vacated. Parties interested in serving as interim counsel should submit a motion under the timeline provided for in our Local Rules to be heard at the case management conference. In addition to any other factors the moving party wants to raise, a motion for interim counsel appointment should discuss why interim class counsel is warranted for utility and efficiency reasons, and how interim counsel might be best organized.

Each party represented by counsel must appear at the initial case management conference through its lead attorney who will have primary responsibility for representing the party in this

3

litigation. To minimize costs and facilitate a manageable conference, parties with similar interests may, to the extent practicable, arrange to have an attending attorney represent the party's interest at the conference. A party will not, by designating another party's attorney to represent that party's interest at the conference, be precluded from other representation during the litigation, nor will attendance at the conference waive objections to jurisdiction, venue, or service.

Parties and counsel are directed to carefully review the Court's standing orders on civil discovery and civil cases for guidance on the Court's procedures. The Court handles all discovery disputes itself. Discovery disputes or issues that are not presented in strict conformance with the Court's standing orders will be rejected.

## PRESERVATION OF EVIDENCE

Parties and counsel are reminded of the duty to preserve evidence that may be relevant to this action. The duty extends to documents, data, and tangible things (with those terms to be interpreted in the broadest possible manner that is consistent with the Federal Rules of Evidence) in the possession, custody or control of the parties to this action, regardless of geographic location, as well as any employees, agents, contractors, or other non-parties who possess materials reasonably anticipated to be subject to discovery in this action. Counsel are under an obligation to the Court to exercise all reasonable efforts to identify and notify parties and non-parties, including employees of corporate or institutional parties, whether they are located in the United States or abroad. The Court advises parties and counsel that any failure to honor this obligation will result in sanctions ranging from monetary sanctions to issue or evidence preclusion, depending on the gravity of the failure.

## COMMUNICATIONS WITH THE COURT AND AMONG COUNSEL

All substantive communications with the Court must be in writing and e-filed on the master docket. Counsel are advised to keep phone calls to the Court's courtroom deputy to a minimum. Outside of an emergency of some sort, or to raise a discovery issue during a deposition as provided for in the standing order on discovery, no one should need to call the deputy. No party or counsel should try to contact chambers' staff for any reason. Also, please make sure all chambers' copies are delivered to the Clerk of the Court and not directly to chambers. Chambers

does not accept deliveries.

The Court recognizes that cooperation by and among plaintiffs' counsel and by and among defendants' counsel is essential for the orderly and expeditious resolution of this litigation. Consequently, the Court makes clear that the communication of information among and between plaintiffs' counsel and among and between defendants' counsel will not be deemed a waiver of the attorney-client privilege or the protection afforded by the attorney work product doctrine, and any such cooperative efforts shall in no way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

**IT IS SO ORDERED.**

Dated: September 3, 2015

_____
JAMES DONATO
United States District Judge